IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHN ROSS, : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | No. 5:11-CV-474 (CAR) |
| MICHAEL LIVINGSTON, WILLIE : | |
| KNIGHT, : | |
| : | |
| **Defendants.** : | |
| _____ : | |

## ORDER ON PLAINTIFF'S MOTIONS

Before the Court are *pro se* Plaintiff John Ross's Motion to Compel Milledgeville Housing Authority, a nonparty, to permit Plaintiff to inspect Alice Ross's file [Doc. 21] and his Motion to Extend the Time Frame for Discovery [Doc. 20].

Plaintiff brings this civil rights action against Defendants Michael Livingston and Willie Knight for obstruction of justice in violation of the Fourteenth Amendment. Plaintiff alleges that Defendants falsified a police incident report by tampering and misrepresenting material facts in witness statements relating to a July 8, 2010 domestic dispute between Plaintiff and his brother at Plaintiff's residence. In so alleging, Plaintiff refers to the inaccuracies of several witness statements, including that of Alice Ross, his mother.

On August 1, 2012, Plaintiff issued a subpoena *duces tecum* (to obtain documents without depositions) directed at nonparty Milledgeville Housing Authority requesting permission to inspect its file on Alice Ross. After the Housing Authority did not comply, Plaintiff filed the instant Motion to Compel. In response to Plaintiff's Motion, the Housing Authority stated that the requested documents were irrelevant to the instant action.[1]

On October 2, 2012, the Court held a telephone conference with the parties and nonparty Housing Authority to discuss the instant Motions, during which Plaintiff further explained his discovery request. Plaintiff stated that it is his theory that the Housing Authority "illegally motivated" Alice Ross to make false witness statements to the police regarding the domestic dispute and that that evidence of this agreement may be documented in the Housing Authority's file on Alice Ross. After hearing the Housing Authority's response on the matter, the Court directed the Housing Authority to provide the Court with a complete copy of the requested file so the Court could review the documents *in camera*. The Housing Authority has accordingly provided the Court with said documents, and, after conducting an *ex parte*, *in camera* review, the Court issues the following Order.

---

[1] The Housing Authority also raised concerns that Plaintiff may be attempting to compel production of documents that he is not entitled to in a separate and unrelated civil matter. For the purposes of this Order, the Court presumes Plaintiff's intention is to discover information relevant to the instant litigation.

A Rule 45 subpoena is used to compel a nonparty to produce documents or to permit an inspection.[2]  Although Rule 45 does not list irrelevance as a reason to object to a subpoena, courts have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26.[3]  Accordingly, the Court determines whether the subpoena *duces tecum* at issue seeks irrelevant information under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production.

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery to include "any nonprivileged matter that is relevant to any party's claim or defense."  Courts must employ a liberal discovery standard in keeping with the spirit and purpose of the discovery rules.[4]  Rule 26(b)(1) deems requested information relevant and discoverable if it "appears reasonably calculated to lead to the discovery of admissible evidence."[5]  This requires that discovery be provided if the information has some bearing on the claims or defenses in the case.[6]

Here, the Court finds that the documents produced to the Court for an *in camera* inspection are irrelevant to the instant litigation.  In other words, the Court concludes

---

[2] *See* Fed. R. Civ. P. 34(c); Fed. R. Civ. P. 45.
[3] *See Barrington v. Mortgage IT, Inc.*, No. 07-61304-CIV, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007); *Chamberlain v. Farmington Savings Bank*, No. 3:06CV01437 (CFD), 2007 WL 2786421, at *1 (D. Conn. Sept. 25, 2007) ("It is well settled that the scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26."); 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2459 (2d ed. 1995) (Rule 45 subpoena incorporates the provisions of Rules 26(b) and 34).
[4] *McMahon v. E. Steamship Lines, Inc.*, 129 F.R.D. 197, 198 (S.D. Fla. 1989).
[5] Fed. R. Civ. P. 26(b)(1); *see* Fed. R. Evid. 401.
[6] *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001); Fed. R. Evid. 401 (evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence).

that the requested information does not appear reasonably calculated to lead to the discovery of admissible evidence. In addition to reviewing the file for any information related to Plaintiff's theory, the Court also reviewed the documents for *any* documentation relating to *any* facet of the instant suit. Both endeavors were unavailing. Accordingly, Plaintiff's Motion to Compel nonparty Milledgeville Housing Authority [Doc. 21] is **DENIED**. In light of the Court's instant ruling, Plaintiff's Motion to Extend the Time Frame of Discovery [Doc. 20] is also **DENIED**. In keeping with the Court's previous order, the parties have until October 22, 2012, to file all dispositive motions.

    **SO ORDERED,** this 12th day of October, 2012.

                                                  S/ C. Ashley Royal
                                                  C. ASHLEY ROYAL
                                                  UNITED STATES DISTRICT JUDGE

LMH