IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHN ROSS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 5:11-CV-474 (CAR) |
| MICHAEL LIVINGSTON and | : | |
| WILLIE KNIGHT, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER

Before the Court is *pro se* Plaintiff John Ross's Motion to Voluntarily Dismiss Without Prejudice [Doc. 35]. On December 3, 2012, the Court, as a courtesy, informed Plaintiff about <u>potential</u> adverse effects of a voluntary dismissal, noting the <u>possibility</u> that dismissal of his instant action may preclude a timely filing at a later date. In response, Plaintiff filed a typed, single-spaced, five-page response [Doc. 37] in which he argued that the applicable statute of limitations begins to run at a later date. At the conclusion, Plaintiff requested that the Court grant his Motion to Dismiss Without Prejudice and "thereby establish [the date of discovery] as the start date for Georgia's

statute of limitation," allowing Plaintiff to then timely refile his action, if he so chooses.[1]

Under Article III of the United States Constitution, a federal court only has jurisdiction to adjudicate actual "cases" and "controversies."[2] Often referred to as the "ripeness doctrine," a plaintiff cannot request adjudication of a claim that is speculative or conjectural.[3] Here, the applicability of the discovery rule to Plaintiff's action is irrelevant to the present case because Defendants have not moved for dismissal on those grounds. Instead, the statute of limitations issue is contingent upon the happening of future, hypothetical events, namely, Plaintiff refiling his case and Defendants asserting a statute of limitations defense. Accordingly, the Court is precluded from ruling on Plaintiff's statute of limitations argument in this case.[4]

Further, because Plaintiff's Response appears to condition his request for dismissal on the ruling of an unripe issue, the Court interprets Plaintiff's Response [Doc. 37] as a Motion to Withdraw his Motion to Dismiss Without Prejudice. Accordingly, Plaintiff's Motion to Withdraw [Doc. 37] is **GRANTED**, and Plaintiff's Motion to Dismiss Without Prejudice [Doc. 35] is **TERMINATED as MOOT**. Should

---

[1] [Doc. 37 at 5].
[2] U.S. Const. Art. III.
[3] *United States v. Bogle*, 689 F. Supp. 1121, 1126 (S.D. Fla. 1988) ("Rejection of an issue for want of ripeness means that the circumstances of the case have not advanced to the point of sufficient concreteness and specificity to justify review.").
[4] The Court does not express an opinion as to the merits of Plaintiff's tolling argument.

2

Plaintiff choose to refile a motion for voluntary dismissal at a later date, Plaintiff is certainly permitted to do so.[5]

In light of the Court's Order, **Plaintiff is hereby allowed TWENTY-ONE (21) DAYS from the date of this Order to file a response to Defendants' pending Motion for Summary Judgment** [Doc. 29]. In light of Plaintiff's *pro se* status, the Court finds it necessary to advise Plaintiff of his right to respond [Doc. 29] and of the consequences for failing to respond.

> Rule 56(a) of the Federal Rules of Civil Procedure provides as follows:
>
> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[6]

In addition, the Court's Local Rules provide as follows:

> The respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, number separately, to which the respondent contends there exists a genuine issue to be tried. Response shall be made to each of the movant's number material facts. All material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate.[7]

---

[5] The Court cautions Plaintiff that any future motion for voluntary dismissal will not be afforded the same courtesy given to Plaintiff's instant motion to dismiss. Thus, the Court will interpret any future motion to voluntarily dismiss as an indication that Plaintiff accepts the <u>potential</u> consequences of filing such a dismissal.

[6] Fed. R. Civ. P. 56(a).

[7] M.D. Ga. R. Civ. P. 56.

3

Under the procedures and policies of the Court, motions for summary judgment are normally decided on the briefs; requests for a hearing are rarely granted. In addition to the parties' briefs, the Court will consider the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits submitted by the parties in deciding whether summary judgment is appropriate under Rule 56.

Summary judgment may be granted only if there is no genuine issue as to any material fact and if a defendant is entitled to judgment as a matter of law.[8] When reviewing a motion for summary judgment, the evidence and all justifiable inferences must be viewed in the light most favorable to the non-moving party, but a court may not make credibility determinations or weigh the evidence.[9]

The moving party "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to judgment as a matter of law.[10] If the moving party discharges this burden, the burden then shifts to the non-moving party to go beyond the pleadings and present specific evidence (in the form of pleadings, depositions, answers to interrogatories, admissions on file, or affidavits) showing that there is a genuine issue of material fact or

---

[8] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[9] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).
[10] *Celotex Corp.*, 477 U.S. at 323 (internal quotation marks omitted).

that defendant is not entitled to judgment as a matter of law.[11]  This evidence must consist of more than mere conclusory allegations or legal conclusions.[12]

Plaintiff is specifically advised that he has the right to file affidavits or other material in opposition to Defendants' Motion.  If Plaintiff fails to do so, a final judgment may be entered against him if otherwise appropriate under Rule 56.  Plaintiff is further advised that failure to respond to the statements set forth in Defendants' affidavits or other sworn pleadings may result in those statements being accepted as true.

If Plaintiff chooses not to file a response, Defendants' Motion will not necessarily be granted; however, if Defendants meet their burden, and Plaintiff has not responded by showing that summary judgment is inappropriate, the Court must grant the Motion.  If Defendants' Motion is granted, judgment will be entered in Defendants' favor, and the case will be closed; there would be no trial or any other proceedings.

Accordingly, Plaintiff is advised that the safest course of action is to file a response to Defendants' Motion in accordance with Rule 56 of the Federal Rules of Civil Procedure and the Court's Local Rules, a copy of which may be obtained from the Clerk's Office in Macon, Georgia.  If Plaintiff chooses to respond, **the deadline for him to file a response brief and any supporting affidavits or other material is <u>twenty-one (21) days from the date of this Order</u>**.  Defendants will then have fourteen (14) days to

---

[11] *See* Fed. R. Civ. P. 56(e); *see also Celotex Corp.*, 477 U.S. at 324-26.
[12] *See Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).

file a reply brief.  If Plaintiff fails to file a response brief within the given time, the Court will take the Motion under advisement and render its decision.

In sum, the Court construes Plaintiff's Response [Doc. 37] as a Motion to Withdraw his Motion to Dismiss Without Prejudice [Doc. 35].  Plaintiff's Motion to Withdraw [Doc. 37] is **GRANTED**, and Plaintiff's Motion to Voluntarily Dismiss Without Prejudice [Doc. 35] is **TERMINATED as MOOT**.  In addition, if Plaintiff chooses to respond to Defendants' pending Motion for Summary Judgment, Plaintiff has **twenty-one (21) days from the date of this Order** to do so.  Defendants will have fourteen (14) days to file a reply.

**SO ORDERED,** this 4th day of January, 2013.

>                    S/  C. Ashley Royal
>                    C. ASHLEY ROYAL
>                    UNITED STATES DISTRICT JUDGE

LMH/bbp